## STEPHEN WILSON, *vs.* THOMAS PEVERLY.

When a servant acts under the special orders of his master, the master is not liable for his negligence in doing business not ordered.

THIS was trespass on the case, for rashly setting a fire on land of the defendant, which fire was so negligently guarded, that it spread to land of the plaintiff, and there caused much damage.

At the trial here in November, A. D. 1822, on the general issue, it appeared in evidence, that a fire was set upon the land of the defendant by his orders, and the charge of it given to a hired laborer; that the defendant then left home on business, directing this laborer, after setting the above fire, to employ himself in harrowing other land of the defendant in the same neighborhood; that in the course of the day, fire communicated from the farm of the defendant, to that of the plaintiff, and caused great damage; and as to the other facts in the case, about which the evidence was contradictory, the jury found specially that the damages amounted to $164,17; that they were not caused by any neglect in setting or watching the fire first kindled, but were produced by the laborer of the defendant, who after his master's absence, and before he commenced harrowing, undertook to carry brands from the first fire into the ploughing field to consume some piles of wood and brush, which were there collected, and on his way dropped some coals, from which all the subsequent injury arose; that carrying the fire in this manner from one field to the other was under all the circumstances dangerous, and was not in conformity to any express directions of the master, and that this laborer was accustomed to work under the particular directions of the defendant and could conveniently have harrowed, without first burning the piles of wood, though to burn them first is the usual course of good husbandry.

Upon this finding, a general verdict was taken for the defendant, subject to the opinion of the court on the whole case.

*Stuart* and *Sullivan*, counsel for the plaintiff.

*Peverly* and *Bell*, for the defendant.

Woodbury, J. When a servant causes an injury to a third person, the master is liable for it, if he directed the injury to be done. This principle extends to all cases, where wrongs are committed by the express orders of others, whether the particular relation of master and servant exist between them or not.

In the present case the jury find, that the master did not order the fire to be kindled in the second field; and that such order was not implied in directing him to harrow in that field seems inferable from the fact that, though the piles of wood are usually burned before harrowing; yet the harrowing could in this case have been conveniently performed first, and to burn the piles at that time would have been dangerous. The servant also was a laborer under the daily directions of the master, and hence had less discretion to presume or imply orders, which were not actually expressed.

The next ground on which a master is liable for wrongs of his servant, is that the wrongs are performed by the servant in the negligent and unskilful execution of business specially entrusted to the servant. 6 *D. & E.* 125, 411.—5 *D. & E.* 648.—2 *Hen. Bl.* 442.—1 *Salk.* 441.—*Burr.* 562.—1 *Bos. & Pull.* 404.—4 *Taunt.* 649.—*Reeve's Dom. Re.* 356.

This rests on the ground, that the master should not do an act himself, or cause it to be done, with such negligence or want of skill as to injure third persons.

But it will at once be perceived, that this principle does not reach a wrong done by the servant, while not engaged in business of his master, such as wanton and wilful trespasses on the person or property of others. 1 *East* 106, *M'Manus vs. Cricket.*——8 *D. & E.* 533.—17 *Mass. Rep.* 509, *Foster et al. vs. Essex Bk.*—5 *Wheaton* 326.

Nor does it reach wrongs caused by carelessness in the performance of an act, not directed by the master; as a piece of business of some third person, or of the servant himself, or of the master, but which the master did not either expressly or impliedly direct him to perform. 1 *East*

106, *supra.*—*Noy's Max. ch.* 44.—2 *Rolle Ab.* 553.—4 *Barn. & Ald.* 590, *Croft et al. vs. Alison.*

When a general agent is employed, then all acts within the scope of his agency are the master's acts ; but when a laborer works under the special orders of the master, the master is responsible only for his skill and care in executing those orders. 1 *Bos. & Pull.* 404, *Bust vs. Stierman.*—3 *Wils.* 317.—1 *Ld. Ray.* 264, *Tuberville vs. Stump.*

Thus a piece of labor might be very properly and safely performed at one time, and not at another, as in this case the setting of a fire in the neighborhood of much combustible matter. And if the master, when the fire would be highly dangerous in such a place, forebore to direct it to be kindled, and employed his servant in other business, it would be unreasonable to make him liable, if the servant before attending to that business, went in his own discretion and kindled the fire to the damage of third persons.

The master, *quoad hoc*, is not acting in person or through the servant ; neither *per se*, nor *per aliud* ; and the doctrine of *respondeat superior* does not apply to such an act, it being the sole act of the servant.